### KLEIN et al. v. ACCO PRODUCTS, Inc., et al.
### No. 470.

Circuit Court of Appeals, Second Circuit.
Nov. 8, 1935.

For former opinion, see 79 F.(2d) 110.

James A. Dayton, of New York City (Stephen Callaghan and Ralph Stout, both of New York City, of counsel), for appellants.

Herman Forster, of New York City (Parnell T. Quinn, of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Application is made for reargument. In our opinion we directed a reconsideration before the master of the damages to be paid to the appellees. In amplification of what we wrote, and as a guide for consideration to the master in ascertaining such damages, he will ascertain the fair value of one-half the assets of the partnership of December 31, 1929, the date of dissolution of the partnership; he will also determine the amount of the unauthorized withdrawals of the partnership profits by Fred J. Klein, Jr., up to that date. These will be payable to the appellees with interest on the half value of the assets from December 31, 1929, and with interest on each of the withdrawals from the date of such withdrawal. As we stated in our opinion, the unauthorized withdrawals do not include the $40 a week provided by the partnership agreement as Fred J. Klein, Jr.'s compensation as manager. The appellants are entitled to credit for the monthly payment of $125, made to the appellees from partnership profits up to December 31, 1929.

The appellees may, in lieu of interest on the value of one-half of the assets of the partnership from December 31, 1929, elect to take profits earned after dissolution by the use of the appellees' share of the partnership assets. Steele v. Estabrook, 232 Mass. 432, 122 N. E. 562. The profits ascribable to the appellees share are to be determined by taking such fractional part of the total profits after dissolution as the value of the appellees' share of partnership assets bears to Klein, Jr.'s share. The master should determine to what extent the value of Klein, Jr.'s share was increased by the fair value, at the date of assignment to the corporation, of his patents. The profits to be divided must also include interest on Klein, Jr.'s, unauthorized withdrawal of profits after December 31, 1929, with interest thereon.

In the event that the appellees exercise the option to take one-half of the stock, instead of one-half the corporate assets, the master should determine whether or not the withdrawals from the corporation by Klein are in the form of dividends

and, if so, the appellees are entitled to one-half the dividends thus received by Fred J. Klein, Jr., plus interest from the date of their receipt. If his withdrawals have been from the treasury of the corporation without a declaration of dividends, the appellees must work out their rights through the corporation, although that may involve an action by the corporation against his estate.

If the patents were conveyed to the corporation, they are the property of the corporation.

The application for reargument is denied.